**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA          :

      v.          :          **CRIMINAL NO. 22-100-2**

HANEEF VAUGHN          :

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by its attorneys Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, Martin E. Howley, Jr., Special Assistant United States Attorney, and Mark S. Miller, Assistant United States Attorney respectfully files this sentencing memorandum regarding defendant Haneef Vaughn.

## I.   BACKGROUND

On March 17, 2022, a Grand Jury sitting in the Eastern District of Pennsylvania returned an indictment in case number 22-CR-100 against the defendant, Haneef Vaughn and two others, charging him with one count of conspiracy, in violation of Title 18, United States Code, Section 371. On September 20, 2022, Haneef Vaughn pled guilty to Count One of the indictment in accordance with a guilty plea agreement made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that called for a sentence at the Court's discretion within the range of 24 to 30 months' imprisonment. A sentencing hearing has been scheduled for February 27, 2023, at 9:00 a.m., before the Honorable Chad F. Kenney.

The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors, which support a sentence of 30 months imprisonment, a period of supervised release determined by the Court, and a $100 special

assessment.  For the reasons outlined below, the government urges the Court to accept the terms of the plea agreement and sentence the defendant accordingly.

## II.   FACTS OF THE CASE

From on or about May 1, 2020, through on or about November 30, 2020 in the Eastern District of Pennsylvania, the District of South Carolina, and elsewhere, defendants Muhammad Ware, Haneef Vaughn, and Jabreel Vaughn engaged in a conspiracy to purchase firearms in South Carolina and transport them to Pennsylvania for illegal resale. Over the span of the conspiracy defendant Muhammad Ware solicited and received requests to purchase firearms from defendants Haneef Vaughn, Jabreel Vaughn, and others.

Defendant Muhammad Ware purchased firearms from federally licensed firearms dealers in South Carolina, knowing that the firearms were to be transported to Philadelphia and the surrounding area for resale to defendants Haneef Vaughn, Jabreel Vaughn, and others. For each of the purchases specified in the indictment, defendant Muhammad Ware falsely stated on the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Form 4473[1] that he was the actual purchaser of the firearms, when in fact defendant Ware knew this statement was false and planned to sell the firearms for profit. *See* Government's Guilty Plea Memorandum, ECF No. 82.

## III.   LEGAL STANDARD

This Court must follow a three-step process when sentencing a defendant: (1) calculate the defendant's guideline sentence, (2) formally rule on any departure motions and state how any

---

[1] The ATF Form 4473 is a form that is required to be completed in connection with the sale of a firearm from a Federal Firearms Licensee (FFL).  Under regulations governing FFLs the forms are required to be kept by the business. The Form 4473 includes language indicating the form must be completed truthfully and that providing false information in connection with a firearm purchase is a crime.

departure affects the defendant's guideline calculation, and (3) exercise discretion by separately considering the relevant factors outlined in 18 U.S.C. § 3553(a) when setting the sentence. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).

At the third step of the sentencing process, the Court must consider the advisory guideline range along with all the pertinent § 3553(a) factors in determining the final sentence. "The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. . . . [A] rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." *United States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006) (citations omitted).

The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors, which support a sentence of 30 months' imprisonment, a period of supervised release determined by the Court, and a $100 special assessment.

## IV.    SENTENCING CALCULATION

### A.    Statutory Maximum Sentence

The total maximum sentence that this Court can impose is five years' imprisonment, three years of supervised release, a $250,000 fine, and a $100 special assessment.

### B.    Sentencing Guidelines Calculation

The presentence report correctly determined that the base offense level for a violation of 18 U.S.C. § 922(a)(1)(A), under § 2K2.1 of the Sentencing Guidelines is 12. PSR ¶ 52. The PSR writer also correctly added six levels because the instant offense involved more than 25 but not more than 99 firearms pursuant to guideline § 2K2.1(a)(7). PSR ¶ 53. Because the defendant

engaged in the trafficking of firearms an additional four levels are added pursuant guideline § 2K2.1(b)(5). PSR ¶ 54.  After subtracting a total of three levels for acceptance of responsibility (2 levels), and the defendant's timely notification of his intention to plead guilty (1 level) the total offense level is 19.  PSR ¶ 60-62.

The defendant has a prior conviction in the Philadelphia County Court of Common Pleas for simple assault (M2). On October 26, 2021, the defendant was sentenced to two years' probation. PSR ¶ 64. Because this conviction occurred within the last 15 years, one criminal history point was added. The PSR writer correctly determined that no criminal history points were added in connection with a 2008 juvenile court matter because the charges were withdrawn. PSR ¶ 69. A criminal history score of one establishes a criminal history category of I.  PSR ¶ 66.

The applicable guideline range for an offense level of 19 and a criminal history category of I is 30-37 months' imprisonment. USSG Sentencing Table. The government sets forth below its justification for why a full-acceptance guideline range of 24-30 months' imprisonment was appropriate in this instance, and why it requests an ultimate sentence of 30 months' imprisonment.

## V.    GOVERNMENT'S RECOMMENDATIONS CONCERNING SENTENCING

### A.    Sentencing Factors

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that the government's recommended sentence is an appropriate sentence in this case.  The Court must consider all of the sentencing considerations set forth in § 3553(a).  Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the

defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).

**B.    Application**

The relevant § 3553(a) factors will be discussed in turn.

### 1.    The Nature and Circumstances of the Offense

This was a serious offense. Philadelphia is a city in the grips of an ongoing gun violence crisis and awash in illegal firearms. The easy and continued access to illegal guns from actors like the defendant and his co-conspirators is a key factor in why this crisis persists. Despite a longstanding connection to the city of Philadelphia, and a knowledge of the violence that continues to grip so many of its neighborhoods, the defendant chose to pollute its streets with a disproportionate number of the firearms trafficked over the life of this conspiracy.

The trafficked firearms in this case will disproportionately end up in the hands of individuals who are legally prohibited from possessing a firearm. A portion of those same people will no doubt use those firearms to commit crimes of violence. Once tainted by being used in a crime those firearms will surely stay in the criminal stream of commerce and end up in the hands of others intent on using them to commit crimes. The legacy of the guns the defendant and his co-conspirators injected onto the streets of Philadelphia will reverberate for years to come, and the initial volume of recorded violence provides an ominous look into the future.

Importantly, the conspiracy itself could not succeed without parties like the defendant serving as a local point of contact. Defendant Ware could not simply arrive in Philadelphia, hold

open a car full of firearms and hope to sell them without defendant Vaughn having customers on hand and vouching for defendant Ware. The defendant likewise cannot credibly argue that he somehow did not know what was actually being sold as the recovered text and picture message communications plainly spelled out the sale of illegal firearms.

## 2.      The History and Characteristics of the Defendant

While his personal and familial history is not without challenges, the defendant had options that so few in his community can reasonably hope to have and he largely squandered them.

The defendant is a 25 year-old male who was living in Philadelphia at the time of his arrest. The defendant is the father of one child and was residing with his mother at the time of his arrest. PSR ¶¶ 74-75. Although his father was frequently incarcerated during his youth, the defendant was fortunate to have a male role model in his life during that same time. PSR ¶ 71. That same role model inspired and fostered a love of basketball that opened up educational opportunities for the defendant including playing basketball at the collegiate level. PSR ¶¶ 72-73, 90-91. Unfortunately, he did not achieve his degree across his time at multiple academic institutions. PSR ¶ 90.

The defendant did report some mental health and substance abuse issues during his interview. PSR ¶¶ 87-89. However, he cannot, and indeed does not attempt to, excuse his conduct in this case as the result of either issue. He has taken steps to address his substance abuse issues since he has been incarcerated. PSR ¶ 89.

The defendant is young enough that he can be rehabilitated and begin to lead a law abiding lifestyle, if he wishes. His history suggests that the people and places he continues to associate with are what continue to return him to the criminal justice system. As a new parent, he will hopefully use the difficulties of his own life experience as a backdrop and impetus to make better decisions moving forward.

**3.     The Need for Sentence Imposed to Reflect Seriousness of the Offense, Promote Respect for Law, and Provide Just Punishment**

There is a strong need to impose a custodial sentence that reflects the seriousness of these offenses, promotes respect for U.S. laws, and provides just punishment.  The City of Philadelphia is plagued by gun violence.  It is imperative, therefore, that the defendant's conduct be punished accordingly for his role in polluting Philadelphia's streets with more illegal firearms.  The defendant was entirely capable of understanding the consequences of his actions and his conduct supports a sentence of imprisonment.  The government's recommended term of incarceration, 30 months, is longer than any other term imposed on the defendant.  It is the government's belief that this term of imprisonment will help to instill respect for the law and reflect the seriousness of the case upon the defendant.

**4.     The Need for Adequate Deterrence and Protection of Public**

The need for adequate deterrence of this type of crime is great.  Given the prevalence of gun violence in this region, the need to deter others from similar crimes is especially important. Furthermore, the recommended sentence protects the public from further crimes by the defendant, for at least as long as he remains in prison. The recommended 30-month term of incarceration and a period of supervised release, should deter the defendant from future crime, particularly gun crime.  The defendant will effectively be under court related oversight for a lengthy period of time, which will aid in his deterrence. Facing the prospect of reincarceration for any violation, and potential future federal prosecution for any new offense, the defendant will, hopefully, begin to lead a law-abiding lifestyle.

**5.      The Need to Provide the Defendant with Training, Medical Care or Correctional Treatment**

There is no demonstrated need to adjust the sentence in order to provide the defendant with needed educational or vocational training, medical care or additional treatment that cannot be adequately addressed by the Bureau of Prisons during incarceration.  Should the defendant wish to avail himself of the Bureau of Prisons', or U.S. Probation Office's, offerings for education, training, or treatment, the government's recommended sentence will not inhibit those efforts.

**6.      The Need to Avoid Unwarranted Sentence Disparities Among Similarly Situated Defendants**

Adherence to the recommended guideline range is generally the best course for assuring that the defendant's sentence is consistent with those imposed nationwide on similarly situated offenders. Here, the plea agreement contemplated, for negotiation purposes only, a base offense level of 20, rather than 22, and an adjusted offense level of 17 following a three-level reduction for the defendant's timely and full acceptance of responsibility. The indictment currently charges the defendant with conspiring to traffic 31 firearms, resulting in the application of guideline §2K2.1(b)(1)(C) ("Number of firearms involved between 25-99"). The transaction that triggers the application of that guideline is Overt Act Ten in the indictment. Evidence in the case demonstrated that the defendant could reasonably argue that he did not play a substantial enough role in that particular transaction to advance the goal of the conspiracy for that sale. If that transaction were not included, then guideline §2K2.1(b)(1)(B) ("Number of firearms involved between 8-24") would apply and result in a full-acceptance guideline range of 24 – 30 months.

For all of these reasons, the government respectfully submits that a 30-month sentence, a period of supervised release, a $100 special assessment, and a fine, if any, is appropriate and asks the Court to impose the sentence.

       **7.**     **Restitution**

There is no restitution in this case.

## VII.   **CONCLUSION**

Therefore, in sum, all of the appropriate considerations of sentencing favor the imposition of a sentence of 30 months' imprisonment in this case.  For the reasons outlined above, the agreed upon terms should be accepted by the Court because they are fair, appropriate, and sufficient but not greater than necessary to meet the goals of sentencing.

Respectfully submitted,

Jacqueline C. Romero
United States Attorney


 /s/ Martin E. Howley, Jr.

Martin E. Howley, Jr.
Special Assistant United States Attorney

Mark S. Miller
Assistant United States Attorney


Date:  February 15, 2023

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Sentencing

Memorandum has been served by electronic filing upon counsel for the Defendant:

Rossman D. Thompson, Jr., Esquire
601 Walnut Street
Suite 540 West
Philadelphia, PA 19106
Ross_Thompson@fd.org
*Counsel for Defendant Haneef Vaughn*

  /s/ Martin E. Howley, Jr.

Martin E. Howley, Jr.
Special Assistant United States Attorney

Mark S. Miller
Assistant United States Attorney

Date:  February 15, 2023